3301.   Pace *v.* Virginia-Carolina Chemical Co.

Powell, J.   The petition did not show a case of liability, and the court did not err in dismissing it on demurrer.     *Judgment affirmed.*

Decided January 15, 1912.

Action for damages; from city court of Albany—Judge Crosland. February 23, 1911.

*R. J. Bacon, Ben T. Burson,* for plaintiff.

*C. E. Battle, Howell Hollis,* for defendant.

---

### 3304.   WESTON *v.* BEVERLY & McCOLLUM.

1. Garnishment proceedings, being purely statutory, can not be extended to cases not enumerated in the statute, and courts have no right to enlarge the remedy or hold under it property not made subject to the process.
2. "Suit is the following of a person, and is not only not technically, but not even in common parlance, applied to seizures or proceedings in rem."
3. A suit or judgment on which valid garnishment proceedings are based must be a suit or judgment in personam, and not in rem.
4. The foreclosure of a laborer's lien, in which there is no levy, and no issue made by counter-affidavit, is in no sense a suit in personam, but is a summary proceeding in rem.

Decided January 15, 1912.

Certiorari; from Grady superior court—Judge Frank Park. March 6, 1911.

*J. Q. Smith, L. H. Foster,* for plaintiff.

*M. L. Ledford,* contra.

Hill, C. J.   Frank Weston foreclosed a laborer's lien against Lewis Weston, and seized under levy certain lumber as property of defendant. A claim to this lumber was filed by the Dyson Manufacturing Company; whereupon Weston dismissed his levy and sued out process of garnishment, and had summons served upon the Dyson Manufacturing Company. Subsequently Beverly & McCollum obtained a judgment against Lewis Weston in a suit on an account, which suit was pending when the foreclosure proceedings were instituted, and, on this judgment, obtained process of garnishment and caused summons to be served on the Dyson Manufacturing Company. The garnishee answered, admitting indebted-